IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| VINCENT F. RIVERA, as next Friend for U.S. Army Sergeant Jose A. Rivera, <br><br> Plaintiff, <br><br> v. <br><br> PRESIDENT GEORGE WALKER BUSH, VICE PRESIDENT RICHARD CHENEY, DEFENSE SECRETARY DONALD H. RUMSFELD, GENERAL RICHARD MYERS, SEN. DUNCAN HUNTER, SEN. JOHN WARNER, DR. RICHARD PALMISANO, DR. CHARLES HOGE, ANNE MINNER, MCKESSON CORP., TAP HOLDINGS INC., E-Z-EM INC., FUJISAWA USA INC., G.D. SEARLE & COMPANY, BOC GROUP INC., BOOTS PHARMACEUTICALS, DIRECTOR HARLEY LAPPIN, <br><br> Defendants. | ) ) ) ) ) ) ) ) ) Civil Action No. 06-161-GMS ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) |

**ORDER**

Plaintiff Vincent F. Rivera ("Rivera"), #518548, filed this action alleging violations of his constitutional rights. Rivera proceeds *pro se* and has requested leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. (D.I. 1, 2.) Rivera is currently an inmate at the Florida State Prison in Rayford, Florida.

The Prison Litigation Reform Act ("PLRA") provides that a prisoner cannot bring a new civil action or appeal a judgment in a civil action *in forma pauperis* if he or she has three or more times in the past, while incarcerated, brought a civil action or appeal in federal court that was dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be

granted. 28 U.S.C. § 1915(g). A case dismissed as frivolous prior to the enactment of the PLRA (i.e., April 26, 1996) is counted when applying the "three strikes rule". *Keener v. Pennsylvania Bd. of Probation & Parole*, 128 F.3d 143 (3d Cir. 1997). An exception is made to the "three strikes rule", when the prisoner is in imminent danger of serious physical injury. A prisoner who is not proceeding *in forma pauperis* may file a new civil action or appeal even if that prisoner has three or more dismissals described in 28 U.S.C. § 1915(g).

The court takes judicial notice that Rivera, while incarcerated, has filed at least three civil actions that were dismissed as frivolous, malicious or for failure to state a claim upon which relief may be granted as follows: *Rivera v. Tornin,* Civ. No. 93-170-Civ-Orl-22 (M.D. Fla. July 1, 1993); *Rivera v. Arocho,* Civ. No. 96-275-Civ-J-99(S) (M.D. Fla. Apr. 25, 1996) ; *Rivera v. Parker,* 96-325-Civ-J-10 (M.D. Fla. May 2, 1996); and, *Rivera v. Almojera,* 97-569-Civ-J-10B (M.D. Fla. June 6, 1997); *see also Rivera v. Allin*, 144 F.3d 719, 730-32 (11th Cir.), *cert. denied,* 524 U.S. 978 (1998) (upholding district court's "three strikes" dismissal of a filing by Rivera based upon dismissals in case numbers 93-170-Civ-Orl-22, 96-275-Civ-J-99(S), and 96-325-Civ-J-10).

Accordingly, Rivera may not file another civil action *in forma pauperis* while incarcerated unless he was in "imminent danger of serious physical injury" at the time of the filing of his complaint. 28 U.S.C. § 1915(g); *Abdul-Akbar v. McKelvie*, 239 F.3d 307, 311 (3d Cir. 2001). Rivera's complaint does not meet that standard.

The motion for leave to proceed *in forma pauperis* (D.I. 2) is DENIED. However, Rivera is given thirty (30) days from the date of this order to pay the $250.00 filing fee. If Rivera does not pay the filing fee within that time, the complaint shall be dismissed pursuant to 28 U.S.C. §

1915(g).


DATED: March 31, 2006                              _____
                                                   UNITED STATES DISTRICT JUDGE